## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **STEPHANIE PERRY,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **C.A. NO. 4:10-cv-1837** |
| | § | |
| **CHCA BAYSHORE, L.P. d/b/a** | § | |
| **Bayshore Medical Center; AND** | § | |
| **WEST ASSET MANAGEMENT, INC.,** | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, STEPHANIE PERRY, (hereinafter referred to as "Ms. Perry" or the "Plaintiff"), Plaintiff in the above styled case, and makes this her Plaintiff's Original Complaint against CHCA BAYSHORE, L.P. d/b/a Bayshore Medical Center ("CHCA") and WEST ASSET MANAGEMENT, INC. ("WAM") (CHCA and WAM hereinafter collective referred to as the "Defendants") and for cause of action would show as follows:

### I.

### Parties

1. Plaintiff is an individual residing in Sugar Land, Fort Bend County, Texas.

2. Defendant CHCA Bayshore, L.P. is a Delaware limited partnership registered with the Secretary of State of the State of Texas as a foreign limited partnership and authorized to do business in the State of Texas, and may be served by servings its registered agent, CT Corporation System, at its registered address located at 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

3. Defendant West Asset Management, Inc. is a Delaware corporation registered with the Secretary of State of the State of Texas as a foreign corporation and authorized to do business in the State of Texas, and may be served by serving its registered agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, at its registered address located at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## II.

## Jurisdiction and Venue

4. This Court has jurisdiction under 28 U.S.C. § 1331 in that this civil action arises under the laws of the United States, in particular under the provisions of the federal Fair Credit Reporting Act, codified at 15 U.S.C. §§ 1681, *et seq*.

5. This Court has venue under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Texas, Houston Division.

6.  This Court has personal jurisdiction over the Defendants, because they have established minimum contacts in the State of Texas.  The Defendants engaged in credit reporting actions in the State of Texas.  Thus, there is both general and specific jurisdiction over the Defendants.

### III.

### Background Facts

7.  In March of 2008, Ms. Perry visited Bayshore Medical Center ("Bayshore") in Pasadena, Texas for emergency medical services.  Bayshore is a hospital owned and operated by CHCA.  Ms. Perry went to the cashier upon her release to make payment arrangements.   The cashier offered Ms. Perry a settlement on the charges at 50% of the total charges if Ms. Perry paid that lump sum amount at the point of service.  Ms. Perry paid the settlement payment in full.

8.  In October of 2009, Ms. Perry obtained a copy of her credit report and discovered that the Defendants were reporting an unpaid debt in the amount of $979 to all three of the major credit reporting agencies.  Experian was reporting the account as owed to "West Asset Management," Equifax was reporting the account without a creditor's name, and Transunion was reporting the account as

owed to "Med1 02 Bayshore Medical Center."    Equifax was the only credit reporting agency that reported the account as a "Medical" account.

9. On October 28, 2009, Ms. Perry sent a written dispute to CHCA, WAM, and all three credit reporting agencies to which the Defendants were reporting the information.

10. All three credit reporting agencies forwarded the Plaintiff's dispute to CHCA and WAM.  CSC (for Equifax) and Transunion both sent written notices to the Plaintiff reporting the results of their reinvestigation.  They both reported that CHCA and WAM re-verified the information it was reporting. All three credit reporting agencies reinserted the information that the Defendants verified.

**IV.**

**Causes of Action**

14. The Plaintiff is a consumer as defined by 15 U.S.C. § 1681a(c).  The Defendants are persons as defined by 15 U.S.C. § 1681a(b). The Defendants are furnishers of information to a credit reporting agency for use in a credit report as defined in 15 U.S.C. § 1681, et seq.  The Defendants furnished information to all three credit reporting agencies for use on a credit report by all three credit reporting agencies relating to the Plaintiff.

15. The Defendants violated 15 U.S.C. § 1681s-2(b)(1) by receiving from

4

the Plaintiff a written notice of a dispute of information the Defendants had reported to the credit reporting agencies and failing to modify, delete, or permanently block reporting of the information that was found to be incomplete or inaccurate.  In particular, the Defendants knew that the Plaintiff had already paid a settlement of the account and owed nothing; yet the Defendants failed to modify, delete or permanently block reporting of the $979 amount as a delinquent debt that was due.  This violation was the direct and proximate cause of actual damages to the Plaintiff which she now seeks.

16. The Defendants' conduct constituted willful noncompliance of section 1681s-2(b)(1).  The Plaintiff sent a written dispute to the Defendants of the information provided by it to credit reporting agencies.  The Plaintiff also sent a written dispute to all three credit reporting agencies regarding the information provided by the Defendants.  The Defendants also received the credit reporting agencies' notices of the Plaintiff's dispute.  Nevertheless, the Defendants failed to modify, delete or permanently block reporting of that information to the credit reporting agencies.   Because the Defendants' conduct constituted willful misconduct, the Plaintiff is entitled to recover either her actual damages or statutory damages of between $100 and $1,000 and punitive damages.

17. The Plaintiff would further show this Court that recovery of the costs of

5

this action, including reasonable attorney's fees, are authorized, made, and provided for under and according to the provisions of 15 U.S.C. § 1681n(a) and 1681o(a), and the Plaintiff seeks them in this action.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, STEPHANIE PERRY, prays that Defendants, CHCA BAYSHORE, L.P. d/b/a Bayshore Medical Center and WEST ASSET MANAGEMENT, INC., be cited to appear and answer, and that upon final trial of this matter, that judgment be entered against the Defendants, jointly and severally, as follows:

1.   Actual damages or statutory damages of up to $1,000.00;

2.   Punitive damages;

3.   Costs of the action, including but not limited to reasonable attorney's fees and expenses pursuant to 15 U.S.C. § 1681n(a) and 1681o(a);

4.   Costs of court; and

5.   Such other and further relief that may be just and proper.

Respectfully submitted,

**WAUSON ♦ PROBUS**


By:___/s/ Matthew B. Probus____
      **Matthew B. Probus**
      TBA# 16341200

One Sugar Creek Center Blvd., Suite 880
Sugar Land, Texas 77478
(281) 242-0303 telephone
(281) 242-0306 facsimile

*ATTORNEYS FOR PLAINTIFF,*
*STEPHANIE PERRY*